FILED
SEP 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec, 425 2ND ST. N.W., WASHINGTON, D.C.
Plaintiff,

Vs.

Montgomery County, Maryland

Defendant

Case: 1:07-cv-01655
Assigned To : Unassigned
Assign. Date : 9/20/2007
Description: Civil Rights-Non-Employ.

NEW LAWSUIT ON MONTGOMERY COUNTY'S VIOLATION OF PLAINTIFF SLOVINEC'S 42 U.S.C. 1983 RIGHTS ON HOUSING, ACCESS TO EMPLOYMENT PROGRAMS, AND PERSONAL LIBERTY ISSUES

1. Plaintiff Joseph Slovinec files a new lawsuit against Montgomery County, Maryland for all violations of his 42 U.S.C. 1983 rights which are connected to Montgomery County, Maryland's simultaneous decision to evict him from 5325 Westbard, Bethesda, about August 17-19, 2005, and refuse to let him stay at a homeless shelter anywhere in Maryland: This caused his dumping at J. Slovinec's present resident at the Community for Creative Nonviolence homeless shelter at 425 2nd St., N.W, Washington, D.C. with numerous types of discrimination against J. Slovinec in housing and access to employment programs during the past two years.  Plaintiff files for damages of $25,000 which he was informally advised was a desirable minimum and orders which are listed below: to order  Montgomery County to cause his placement at a homeless shelter or housing nearest his job, which could be in Maryland, or to negotiate for housing in D.C., Virginia, or Illinois to end his 2 years at CCNV homeless shelter; , and to order Vera Johnson of Rockville Crisis Center to pay $700 for trip to Mary Malecki at 1916 N. Elston, Chicago, Illinois to reclaim most of his few remaining possessions  J. Slovinec is a little vague on whether he took his belongings out of the Park Bethesda garbage on  August 18 or 19, 2005.

2. The content of this lawsuit is not totally identical to the earlier Slovinec V. Montgomery County lawsuit 06-0456 where he sought relief under what Judge Huvelle termed 28 U.S.C. 1331. There was never proper discussion of a remedy in that case and numerous delays in it violated J. Slovinec's due process rights under the 14th Amendment under 42 U.S.C. 1983.   These violations included Judge Huvelle's Feb. 24, 2006 errors in the case (Text of Writ of Certiorari reads"Judge Huvelle was extremely careless in reading the factual content of Petitioner's complaint when she stated:"Plaintiff alleges that defendant breached an agreement pursuant to which defendant would provide assistance, including housing and a student loan": the charge was substantially different when Montgomery County ..indirectly refused to aid Petitioner in finding any housing, apartments, or homeless shelter ..in weeks..before eviction.. Maryland was uncooperative when Petitioner J. Sloivnec made overtures to School Superintendent Grasmick for a student loans in August 2005 which could have paid the bill and avoided eviction". American U. also indirectly refused use of Cafritz, Skaskan, and Morgenstern emergency loan program it has which could have avoided eviction. There was  and lack of proper review when

RECEIVED
AUG 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

the U.S. Supreme Court took activity which contradicted U.S. Supreme Court Rule 13 when it about May 2007 gave Plaintiff an extension of time to file corrected papers of 60 days and then Clerk Suter's office reneged and refused to hear the case after the corrected petition was turned in. J. Slovinec disagreed with Judge Huvelle's ruling in U.S. District Court Case 06-0456 , Slovinec v. Montgomery County, and maintains the homeless people's right to possessions is a federal question and constitutional right under 28 U.S.C 1331

MONTGOMERY COUNTY'S VIOLATIONS OF CONSTITUTIONAL RIGHTS TO EMERGENCY SHELTER UNDER MCKINNEY-VENTO ACT

3. .Shortly before the eviction, J. Slovinec visited the Montgomery County crisis center at 1301 Piccard Drive, Rockville, Maryland. He courteously visited a worker named Dew who informed Montgomery County could begrudgingly allow him to stay at a homeless shelter at 600 E. Gude, Rockville, after the eviction. When J. Slovinec called 600 E. Gude, an African-American man repeated an earlier story that Montgomery County, Maryland, refused to let anyone use that shelter during the summer time if they were not mentally ill and not a substance abuser. This became a violation of a constitutional right since the U.S. Congress specifically passed the McKinney-Vento Act 42 U.S.C. 11301, including Title IIIwhich provided money for FEMA to administer emergency shelters. (FEMA Announces $2,072,238 In Homeless Aid Awards for Maryland; Release Date; December 15, 2006 9http://www/femagov/newsrelease.fema)

MONTGOMERY COUNTY REFUSED TO SHOW J. SLOVINEC ANY PUBLIC HOUSING OR ALLOW HIS PARTICIPATION IN RENTAL PROGRAMS BEFORE THE EVICTION.

4.The Michigan Poverty Law program has one of the best website discussions on "using Section 1983 to enforce housing rights. s. "In *Wright v. Roanoke*, 479 U.S. 418 (1987), the U.S. Supreme Court decision finding that statutorily and regulatorily based rent limits for public housing tenants are enforceable under (42 U.S.C. ) 1983…don't abandon the possibility of using Section 1983 to enforce federal housing rights…For a good overview of work in this area see Using Section 1983 to Enforce Federal Laws by Jane Perkins, Lega(at p. 720) of the Clearinghouse Review Journal of Poverty Law and Policy (http://www.povertylaw. org/clearinghouse-review /issues/2005) , Michigan Poverty Law Program, Issue 31, Summer 2006 (http://64.233.169.104/search.....www.mplp.org/ Resources/mplpre.Montgomery County officials had sinister motives although they were outwardly benevolent in allowing three months to elapse between the original demand of American University Housing and Dining Director Julie Weber for J. Slovinec to vacate the premises of an American University dor, Park Bethesda, 5325 Westbard, Bethesda. Maryland in May 2005 and the actual eviction in August 2005: J. Slovinec visited their housing offices several times and it was clear they had discriminatory intent in not allowing any access to public housing: Alice Forcier would not return J. Slovinec's calls on use of the Seneca Heights government housing complex, there was not a response to his request for rental assistance, and neither American University nor Montgomery County were forthcoming on answering J. Slovinec's requests for programs for the poor. On August 18, 2005, Kenneth Rumsey of Douglas Duncan's office wrote Plaintiff in error: "We have no record of your having ever applied for

2

assistance to avoid an eviction: there were two agreements on July 29, 2005 with Joan O'Brien with a rental assistance application the same day and August 29, 2005 with Vera Johnson. Otto Paredes-Lopez wrote J. Slovinec a vague letter on rental assistance September 15, 2005

## MONTGOMERY COUNTY DUMPED J. SLOVINEC ON THE DISTRICT OF COLUMBIA HOMELESS SHELTER SYSTEM

5. After Montgomery County refused to allow J. Slovinec to stay at a shelter, J. Slovinec used the advice of the D.C. Department of Human Services to seek a bed at the Community for Creative Nonviolence homeless shelter during an intake which definitely happened on Sunday, August 21, 2005. J. Slovinec has not been truly free to seek another residence since then although CCNV claims he could leave if he wants to and he has the right to leave. Maryland forced or virtually forced J. Slovinec to move to the District of Columbia and become a resident there.

## BLUM V. BACON DISCRIMINATION AGAINST J. SLOVINEC BY BOTH MONTGOMERY COUNTY MAXIMUS PROGRAM AND D.C. EMPLOYMENT PROGRAMS

6. During a discovery process, the court will be asked to inquire and investigate all relevant caseworkers including Jesslyn Garrabrant at the Maryland Maximus office in Gaithersburg, Enoch and caseworkers at Community for Creative Nonviolence, and employees at the District of Columbia Department of Employment Services including hosts of job fairs. When it became clear that American University has either refused to or not favored a settlement of an EEOC age discrimination lawsuit for one of 18 campus jobs J. Slovinec applied for, it became clear that no one in Maryland or D.C. government truly welcomed J. Slovinec's inquiries to apply for jobs after he resided in Illinois in a home, apartments, and rooms where he paid rent from 1989 to January 2005. They seem to dislike or not like J. Slovinec's past work for Cook County Circuit Court in Chicago, Illinois and the Illinois Department of Human Services: yet after an eviction, a large unpaid bill at American University, and having only $60 in the bank in August 2005 and zero in January 2006, J. Slovinec lacked the right of return to Illinois, probably the most sensible choice with an offer to attend Roosevelt University in Chicago in September 2005: this was because he lacked money to rent an apartment and lacked legal rights to apply for Illinois government services after J. Slovinec got a Maryland ID card on April 27, 2005. J. Slovinec stayed at Community for Creative Nonviolence homeless shelter which claims it has or favors educational and employment programs to end the residents' homelessness: D.C. Dept. of Human Services caseworkers claimed homeless shelter residents were "exempt" from Food Stamp Employment Training programs and cause J. Slovinec to sit around the shelter to wait for UDC/Van Ness classes from February to June 2006 with at first no work and then only the first of three main part-time jobs (for a carpenters' Union picket, Contemporary Services Corporation events staff, and National Research phone bank with his highest income of about $4000 for the first six months of 2007. Although J. Slovinec signed an apartment lease in Illinois for Sept. 1, 2004, to August 31, 2005, J. Slovinec 's landlord felt he broke the lease when he left Feb. 1, 2005 and then in late April the landlord said J. Slovinec could not return to same building before July 1: after the American U. semester ended, J. Slovinec was obligated to get a Maryland ID card 60 days after his Feb. 28 arrival at Park Bethesda. In 2006, J. Slovinec's income was only $2700: lengthy court delays in listening to the above Montgomery County cases and other court P. 3

*PLEASE ADD AS 9-US DISTRICT COURT COMPLAINT*
*IN EARLIER SUPREME COURT BRIEF*

## STATEMENT OF CASE

2nd page    Petitioner J. Slovinec had considered attendance at Roosevelt University in Chicago, DePaul University in Chicago, Il., and American University in Washington, D.C. in January 2005. It is observed that J. Slovinec already has two pending lawsuits against American University in U.S. District Court, 06-455 and 06-1143. However, there was no progress on housing issues since Graduate Certificate in Peacebuilding Director at American University Ronald Fisher persuaded J. Slovinec to stay at the overpriced Park Bethesda at $1393 per month, and then had an ineffective job placement program where J. Slovinec earned zero Jan. 2005-Feb. 2006: J. Slovinec is still homeless after American U. would not give him an emergency loan, and after he was evicted, Montgomery County, Maryland breached a contract to pay Mary Malecki at Public Storage $300 for J. Slovinec's belongings. J. Slovinec motioned to ask for payment of $300-$700 including some travel costs to reclaim belongings: the court denied requests and unsound reasoning is briefly described on these two pages: Petitioner is moderately tired today, does not want to become ill, and will ask to file supplemental pleading. The court is asked to order payment of $300-$700 or maximum of $1000 and give relief on Maryland shelters..

## REASONS TO GRANT WRIT OF CERTIORARI

1. Judge Huvelle made factual errors in the case: it is not a sound ruling.
2. The U.S. Supreme Court is asked to rule in favor of court rulings which state the homeless have a right to keep their personal belongings and to overturn a right-wing conservative trend where Judge Huvelle and U.S. Court of Appeals attempt to rule constitutional rights of the homeless to keep their personal belongings is not a federal constitutional question. Please see Petition of Rehearing of Dec. 15, 2006 including article by John Ellis of Fresno Bee on Nov. 23, 2006," wrongful taking of possessions of homeless violated 4th, 5th, and 14th Amendments rights in U.S. Constitution in *Pottinger v. Miami*, 810 F.Supp. 1551. Internet research revealed that a FEMA federal grant definitely gave Maryland money for emergency shelters and other purposes to meet needs of homeless under Title III of the McKinney-Vento Act, 42 U.S.C.. 11301. Please also see websites of National Coalition for Homeless, *Acevedo v. City of Jacksonville Beach*, No. 303-CV- 507, websites of American Civil Liberties Union for Maryland on Elkton, Dundalk Shopping Center and ACLU of Northern California. J. Slovinec will notify Scott McNeilly of Washington Legal Clinic of Homeless he is dissatisfied with Nadine Moustafa's refusal to represent him in this case on the basis of lack of expertise: U.S. Dept. of Justice is apathetic on complaints of lack of counsel.,
3. The most important right of Joseph Slovinec and anyone else who was evicted in Montgomery County, Maryland, was refusal of Montgomery County, Maryland, to allow Joseph Slovinec to stay at a homeless shelter anywhere in the state of Maryland: Maryland workers even said the D.C. shelters were better, and therefore J. Slovinec was dumped at the Community for Creative Nonviolence homeless shelter where he has resided since August 2005 with no funds and access to jobs programs which are appropriate for college graduates.

CONCLUSION    The petition for a writ of certiorari should be granted.
PROOF OF SERVICE: To; Montgomery County Attorney Marc Hansen, 3rd Floor, 101 E. Monroe St., Rockville, Maryland 20850  *AND LEON RODRIGUEZ*, 2007
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001  *US DISTRICT* *Joseph Slovinec*

2

*Joseph Slovinec Aug 17, 2007*



*APPENDIX A*
*NS (OMINATION (NAS*
*ZERO INCOME, ZERO NSABILITY*
*Joseph [Slovinec]*

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

Carolyn W. Colvin
*Director*

Douglas M. Duncan
*County Executive*

September 23, 2005

JOSEPH G. SLOVINEC
5325 WESTBARD APT. 205
BETHESDA, MD. 20816

Dear Mr. Slovinec:

Your application for Rental Assistance Program benefits is denied because you do not meet the eligibility criteria indicated below, pursuant to Executive Regulation 5-02AM, Requirements for the Rental Assistance Program.

☒ Failed to respond to requests for additional information regarding: INCOME VERIFICATION, SOCIAL SECURITY/DISSABILITY/ PENSIONS, PROOF OF DISSABILITY, and LANDLORD VERIFICATION

☒ Other/Comments: APPLICANTS living ALONE must be either DISABLED or age 62 and over to be eligible. Certification of receipt of Social Security Disability Insurance, Supplemental Security Income must be submitted as proof of disability.

If there have been any changes in the information you provided that may affect your eligibility or if you believe an error was made in processing your application, please telephone OTTO PAREDES-LOPEZ at 240-777-4130 immediately.

You have the right to request an informal case review within 30 calendar days from the date of this notice. You can request an informal case review in writing by returning the attached form no later than 10/23/05 or telephoning your case worker, OTTO PAREDES-LOPEZ, at 240-777-4130 or me, at 240-777-4030.

If you need assistance with requesting an informal case review or need an interpreter to be present at the informal case review, please call 240-777-4400. You also have the right to be assisted by legal counsel, a relative, a friend or other individual.

If you receive an unfavorable decision from the informal case review, you may appeal the decision by requesting an Administrative Review Hearing. However, if you fail to request an Informal Case Review by the date indicated above, you waive your right to an Administrative Review Hearing.

Sincerely,

*Nancy Fink*
Nancy Fink
Program Manager
Rental Assistance Program

*CALLED OCT. 19 FOR*
*INFORMAL CASE REVIEW JR.*
Denial – Dec 02

*FILED SEP 20 20[07]*
*NANCY MAYER WHITTING[TON]*
*U.S. DISTRICT CO[URT]*
*07 1655*

*HE CAN SUE NEW*
*APPLICATION — IT REQUIRES*
*MONT GOMERY COUNTY [...]*

Rental Assistance and Home Energy Programs
*An Equal Opportunity Employer*
Rental Assistance Program 240/777-4400 • Home Energy Programs 240/777-4450
1301 Piccard Drive, 2nd Floor • Rockville, Maryland 20850 • FAX 240/777-4099

*MONTGOMERY COUNTY GOVERNMENT INVOLVED IN CIRCUIT JUDGES IN CASE 06455 SLOVINEC V. AMERICAN*

# PREVIOUS JOB LIST

Joseph Slovinec

U.S. Department of State – 90% test grade Passport Specialist openings in Washington, D.C, and Chicago; Federal Bureau of Investigation; U.S. Agency for International Development, Smithsonian, United Nations Environment Programme (in recent months, Dr. Fisher was only asked to serve as referee on this one) Congressmen Lantos, Mike Honda, and Danny Davis; Environmental Action

MONTGOMERY COUNTY Public Administration Intern #1125 and Library Page

Burness Communications – Communications Assistant, Youth for Understanding (on public list with U.S. Institute of Peace after 1/9 );

MAXIMUS JOB FAIR IN MARYLAND: Marriott; Montgomery College; Encore Management; Hyatt Regency Bethesda; Adecco; Office Team; Pepco; Maryland Army National Guard VISITED IN GAITHERSBURG: Lord and Taylor, J.C. Penney; Banners Hallmark; Hecht's; Sears; Waldenbooks

D.C. Kennedy Center –Public Relations; Institute of International Economics AFL-CIO; Carnegie Endowment for International Peace sent a response card Originally on list at American University: Chemonics; CNN: Walton Thomas; Academy for Educational Development; Atlantic Council; Brookings; CSIS; International Foundation for Electoral Systems; Save the Children

And: Foreign Embassies: Embassies to U.S. of: Great Britain, Ireland, France, Norway, Sweden and (from ads) Japan, Korea

Scowcroft Group; U.S.-Brazil; Washington Post Newsweek Interactive; U.S. Conference of Mayors (no openings in 2005); Bread for the World; Conservation International; Institute for Foreign Policy Analysis; Social Science Research Council; American Council in Education; American Wind Energy Association; (most of these were contacted by August 2005: a few in December 2005) Public Relations: Ogilvy, Ketchum; Center for Clean Air Policy; National Association of Realtors; Starbucks; Smith Bucklin; Wachovia (interviewed, said no); job fair with Hyatt, Ritz Carlton, Safeway, and Bank of America (3 at fair said I was overqualified – I believe it was at Grand Hyatt in D.C. about Feb. 23, 2006); American Legion; Alliance to Save Energy; Clean Water Action; Center for Defense Information; Men's Health Network; Association of Conflict Resolution; Center for Community Change; Associate Editor-Brookings; Discovery Communications-Publicity; Chlopak, Leonard, Schechter and Associates; Washington Convention Center

Jewish Council for Public Affairs; American Israel Public Affairs Committee

MANY JOBS FROM ROLL CALL

This list is currently not in public records and is for the use of career advisers perhaps at American U., elsewhere, and UDC/Van Ness which will review a class trip where Joseph Slovinec attended Congresswoman Eleanor Holmes Norton's job fair at the Washington Convention Center on August 8, 2006. Additional resumes were circulated at job fairs including an Idealist.org nonprofit job fair at GWU in April 2006 which are not listed here.

*APPENDIX B
U.S. DISTRICT
COURT, 9/18/2006*